**Walsh v. Spinelli**

*Craig Altman,* for plaintiff.
*Kevin Wright,* for defendant.

BRADLEY, *J.,* September 30, 1992—This is an appeal from the court's order of September 9, 1992. The order appealed from allowed plaintiff's motion for reconsideration of a previous dismissal and the reinstatement of the action. The court felt that the statute of limitations issue raised by defendant does not allow dismissal as a matter of law.

Plaintiff filed this dental malpractice action on February 28, 1991. Defendant filed a motion to dismiss arguing that the statute of limitations had expired. Initially the court entered an order granting defendant's motion and dismissed the complaint. Upon reconsideration, the court vacated its order of July 27, 1992, and reinstated the complaint. Defendant timely filed its notice of appeal from the court's order of September 9, 1992.

Walsh filed this action on February 28, 1991, alleging Spinelli's failure to properly diagnose and treat a dental condition. She was last treated by Spinelli on October 6, 1988. Plaintiff claims she only became aware she was suffering from dental disease, allegedly the cause of her injury, in December 1989 when she was treated by Dr. Dwyer on an emergency basis.

When, then, did the statute of limitations begin to run—October 1988, which is the date of her last appointment with Dr. Spinelli, or December 1989 when she was advised by other dentists that she was suffering from untreated dental disease?

The Pennsylvania statute of limitations, 42 Pa.C.S. §5524, provides that personal injury actions must be brought within two years of the accrual of the cause of action, i.e., from the date the injury is sustained. The discovery rule exception was developed by courts in medical malpractice cases where the plaintiff has no reason to believe that she has suffered any injury caused by a physician's treatment. *DeMartino v. Albert Einstein Medical Center, et al.,* 313 Pa. Super. 492, 498, 460 A.2d 295, 298 (1989). "Inherent in such a rule is that plaintiff must have or should have, through an exercise of reasonable diligence, a certain level of knowledge with regard to his injury and the circumstances surrounding its occurrence before the statute against his cause of action begins to run." *Id.*

Defendant contends that the discovery rule is inapplicable because plaintiff's injuries were readily ascertainable within two years of her last treatment by defendant on October 16, 1988, thus obligating her to file this action by October 1990. This contention was disapproved in *Pounds v. Lehman,* 384 Pa. Super. 358, 558 A.2d 872 (1989). Further, defendant urged the court to rule that the discovery rule is inapplicable and that, as a matter of law, plaintiff knew or should have known as of October 6, 1988, that she was injured because prior to that she had rampant tooth decay and loss of teeth, both of which were readily ascertainable and, in the plaintiff's mind, she should have considered that Spinelli was the cause of her plight. The court disagreed. Factually, the case sub judice is similar to *DeMartino, supra,* a dental malpractice action where both parties conceded the applicability of the discovery rule. In *DeMartino, supra,*

the defendant did not contend the statute of limitations began to run against the plaintiff on the last day of treatment with her attending dentist. The dispute was whether the statute began to run when plaintiff first consulted another dentist who indicated prior dental treatment was improper or when plaintiff subsequently consulted a third dentist who advised plaintiff definitely that her bad dental condition was not the natural progression of a disease but the result of improper dental treatment. *Id.* at 497, 460 A.2d at 297. The court concluded that the statute of limitations began to run when plaintiff consulted the second dentist.

Given the factual scenario in *DeMartino, supra,* the court fails to see how defendant can contend that plaintiff knew or should have known of her injury on the last date of treatment by her attending dentist. Of course, whether it was reasonable or not for plaintiff to discover her injury when her claim is still a question of fact for the jury. *Id.* at 509, 460 A.2d at 304. Further, the court is not ruling, in violation of *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 353 (1979), that plaintiff's cause of action accrued when she realized negligence occurred but rather that her cause of action accrued when plaintiff learned of her injury and its cause.